ORIGINAL

# United States District Court

FILED
SEP 13 2010
CLERK, U.S. DISTRICT COURT
By _____
Deputy

__NORTHERN__ DISTRICT OF __TEXAS__

UNITED STATES OF AMERICA

V.

**CRIMINAL COMPLAINT**

ORBELIN MARTINEZ
(Name and Address of Defendant)

CASE NUMBER: 3-10-MJ- 313-BL

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about August 31, 2010, in Dallas Division of the Northern District of Texas, defendants, did

> knowingly and intentionally possess with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of Heroin, a schedule I controlled substance,,

in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(i).

I further state that I am a(n) Task Force Officer with the Drug Enforcement Administration, (DEA) and that this complaint is based on the following facts:

> See attached Affidavit of Task Force Officer Tommy Hale, Drug Enforcement Administration, (DEA) which is incorporated and made a part hereof by reference.

Continued on the attached sheet and made a part hereof:   X Yes   No

_____
Signature of Complainant
TOMMY HALE
Task Force Officer, DEA

Sworn to before me and subscribed in my presence, on this ___14___ day of September, 2010, at Dallas, Texas.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

AFFIDAVIT OF DEA TASK FORCE OFFICER TOMMY HALE

I, Task Force Officer Tommy Hale, being duly sworn, hereby depose and say:

I have been a Texas licensed police officer for the past 28 years. I am currently employed by the Dallas District Attorney's Office as an investigator and have been for 20 years. I am and have been assigned to the Drug Enforcement Administration for the past 19 years as a Task Force Officer. My duties include, but are not limited to, conducting criminal investigations concerning violations of the Federal drug trafficking laws. Accordingly, I know that it is a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(i) for anyone to possess with intent to distribute a mixture or substance containing a detectable amount of Heroin, a schedule I controlled substance, having a net weight of one kilogram or more.

This affidavit is submitted for the limited purpose of securing a federal arrest warrant, via criminal complaint, for Orbelin Martinez for possession with intent to distribute a mixture or substance containing a detectable amount of Heroin, a schedule I controlled substance. As a result of my personal participation in the investigation of matters referred to in this affidavit, I am familiar with the facts and circumstances. However, I have not included every fact and circumstance known by me, but only those that are sufficient to establish probable cause that Orbelin Martinez committed the offense alleged in this affidavit. On the basis of personal observation as well as familiarity, I have determined the following:

On August 31, 2010, Texas Department of Public Safety (DPS) trooper Lee Coronado stopped Orbelin Martinez in Ellis County, Texas, which is in the Dallas Division of the Northern District of Texas. Troopers observed a 2006 Ford F-150 passenger truck south bound Interstate 35, Ellis County, Texas. Trooper Coronado observed a registration violation on the vehicle. The vehicle was operated by Orbelin Martinez, the sole occupant of the vehicle.

When the trooper approached the driver Orbelin Martinez, he stated that he was coming from South Carolina and going to Marlin, Texas. Trooper Coronado stated that Martinez said that he was going to be gone for a week. Trooper Coronado stated that there did not appear to be any luggage or sufficient clothing in the vehicle that was visible, for the length of time Martinez stated he was going to be gone. Trooper Coronado also observed other characteristics that were consistent with possible criminal activity such as: Trooper Coronado could smell a strong odor of air freshener (a drug odor masking agent) coming from the vehicle; a five hour energy drink was present, discarded fast food wrappers, and a single key in the ignition.

Trooper Coronado asked Martinez if he could have a K-9 conduct a search of the vehicle. Trooper Coronado stated that Martinez gave consent to search the vehicle.

Trooper Coronado stated that the K-9 team of Trooper Rickey Barber and K-9 "Billy" conducted a free air search of the vehicle. Trooper Coronado stated that K-9 "Billy" alerted to the vehicle. Trooper Coronado and others began a probable cause search of the vehicle. During the search of the vehicle, Troopers observed that the dash of the vehicle had recent tool marks.

Trooper Coronado used a fiber optic scope to look into the air conditioner vent system of the vehicle. Using the fiber optic scope, trooper Coronado observed some type of bundles in the air vent. At this, point Trooper Coronado placed Martinez in handcuffs. Trooper Coronado stated that because of his training and experience, he recognized that the bundles in the air conditioning vent system appeared to be some type of contraband or currency from the proceeds of contraband.

Troopers drove the vehicle to the Texas Highway Patrol Office in Waxahachie, Texas, and noticed the an odor emanating from the air conditioner vents that was consistent with narcotics. Troopers conducted a more thorough search of the vehicle. Trooper Coronado transported Martinez to the Highway Patrol Office and placed him in the office holding cell. Troopers Coronado and other troopers cut open the air conditioning box and recovered five bundles that were wrapped in black tape. The evidence indicated that the bundles had recently been secreted inside the pickup. Trooper Coronado stated that the substance in the bundles tested positive for Heroin. Trooper Coronado stated he recognized the substance to be Black Tar Heroin. The bundles were weighed and the gross weight was 15 Pounds.

On September 1, 2010 the bundles were transported by Sgt. Herring to the Texas Department of Public Safety, Crime Lab for analysis. Sgt. Herring stated that the bundles were opened by the crime lab personnel, who stated that the substance in all the bundles was, in fact, Heroin. The vast majority of the 15 pound weight is attributed to the Heroin, a weight that exceeds one kilogram of the illicit substance. I note that this amount of Heroin far exceeds an amount that is indicative of possession for personal use only. Rather, this amount of Heroin, coupled with the packaging, is consistent with bulk smuggling and, thus, indicates that it was possessed with intent to distribute to others.

Texas Department of Public Safety Agent Matthews read Martinez his Miranda warning at 12:33 pm. Agent Matthews and Agent Boyett conducted a custodial interview with Martinez during which Martinez stated that the pickup truck belonged to him, that he had purchased it in Georgia on August 6, 2010, but that the "stuff" (Heroin) that they found was not his. However, Martinez's account for his travels to Texas from South Carolina was riddled with inconsistencies.

Accordingly, I believe that there is probable cause that Orbelin Martinez violated 21 U.S.C. § 841(a)(1) and (b)(1)(A)(i) in that on or about August 31, 2010, in the Dallas Division of the Northern District of Texas, he knowingly and intentionally possessed,

with intent to distribute, a mixture or substance containing a detectable amount of Heroin, a Schedule I controlled substance, the net weight said substance is one kilogram or more.

_____
TFO Tommy Hale
DEA Task Force Officer


Subscribed and sworn to before, this the __14__ day of September, 2010.

_____
Paul D. Stickney
United States Magistrate Judge